Alvaro Leonel **GOMEZ–VELASQUEZ,**
Petitioner,

v.

John **ASHCROFT, Attorney
General,\* Respondent.**

No. 02–74211.

Agency No. A78–642–361.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.\*\*

Decided April 23, 2004.

---

Adolfo Ojeda–Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Jennifer A. Parker, Anthony W. Norwood, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM\*\*\*

Alvaro Leonel Gomez–Velasquez ("Velasquez"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals order summarily affirming an immigration judge's ("IJ") decision to deny his application for asylum and withholding of removal. We dismiss in part and deny in part.

We lack jurisdiction to review the IJ's determination that Velasquez failed to file his asylum application within one year of his arrival in the United States as required by statute. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). Accordingly, we dismiss the petition for review of the asylum claim.

We have jurisdiction under 8 U.S.C. § 1252 to review denial of withholding of

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

removal. Because the evidence does not compel the conclusion that he more likely than not would be persecuted on account of his political opinion if returned to Guatemala, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003), Velasquez is not entitled to withholding of removal.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, or continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.